The Honorable Jim Hudson Prosecuting Attorney P. O. Box 177 205 Spruce Street Lewisville, Arkansas 71845
Dear Mr. Haltom:
In a letter from Brent Haltom, Deputy Prosecuting Attorney, you asked for an opinion from my office. The issue you pose in your letter has to do with our State Constitution's disenfranchisement of felons. Specifically, you raise the following issue: what is the meaning of "discharged" as it is used in Amendment 51, section 11(a)(4) of our State Constitution.
"Discharged," as it is used above, refers to an inmate's custodial status with respect to the Arkansas Department of Correction. Inmates have "discharged" their prison sentences if they are no longer in the custody of the Arkansas Department of Correction. An inmate is no longer in the custody of the Arkansas Department of Correction when he has completed his sentence of imprisonment or is no longer on parole and has been released from the supervision of prison authorities or of parole officers. See United States ex rel. O'Connor v. MacDonald, 449 F.2d 291, 295 (N.D.Ill. 1978); People v. Seaton, 194 Cal.Rptr. 33, 38, 146
C.A.3d 67 (1972); and State ex rel. Herman v. Powell, 139 Mont. 583,367 P.2d 553, 557 (1968).
Of course, section 11(a)(4) merely sets forth the mandatory duty of the permanent registrar in each county with respect to the cancellation of the registration of certain voters. Proper registration is a necessary, but not a sufficient, condition in order for a citizen to be a qualified voter. Section 11(a)(4) does not affirmatively state that pardoned felons are "discharged" felons are, by virtue of having paid their debt to society, qualified voters. Article three, section two of our State Constitution declares that upon lawful conviction of a felony at common law, the person so convicted loses his right to vote. See also Richardson v. Ramirez, 418 U.S. 24 (1974) (a state may deny the right to vote to felons who have completed their sentences). A convicted felon may regain his right to vote after he obtains a pardon (assuming he is otherwise qualified as a voter). Ex parte Hunt, 10 Ark. 284, 287-88 (1849). In summary, felons who have served their sentences may not vote in Arkansas unless they obtain a pardon from the Governor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Clint Miller.